IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>   Petitioner,<br><br> vs.<br><br>LYNN GUYER,<br><br>   Respondent. | Cause No. CV 19-75-M-DLC-KLD<br><br>ORDER |

  This matter is before the Court on pro se state petitioner Robert Rose's application for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1.) A stay and abeyance of the instant proceedings was issued, pursuant to *Rhines v. Weber*, 544 U.S. 269, 278 (2005) and *Mena v. Long*, 813 F. 3d 907, 912 (9th Cir. 2016), in order to allow Rose to appeal the district court's denial of his postconviction ("PCR") petition and to also seek review of his sentence before the Montana Sentence Review Division ("SRD"). (*See* Doc. 8 at 1-2.)

  The Montana Supreme Court affirmed the District Court's denial of his postconviction petition, *see, R. Rose v. State*, 2021 MT 164N, Or. (Mont. July 6, 2021), and subsequently denied his petition for rehearing. *R. Rose v. State*, 2021 MT 164N, Or. (Mont. Aug. 24, 2021). Rose advised the Court that he intended to

1

pursue relief with the SRD. (Doc. 10.)

In the interim, Rose obtained state habeas corpus relief in a challenge made to his state sentence. *See Rose v. Salmonsen*, OP 23-0095, 2023 WL 2584050 at *1 (Mont. March 21, 2023). The Montana Supreme Court remanded the underlying criminal matter to Montana's Twenty-first Judicial District, Ravalli County, for resentencing. *Id.* It was unclear whether or not, following resentencing, Rose intended to proceed in the present matter. As of June 16, 2023, the date of Rose's last status update to the Court, *see* (Doc. 12), the *Rhines* stay remained in effect.

The Court recently learned that Rose has died. *Rose v. Montana DOC, et al.*, Cause No. DA 23-0162, Notice of Death, (filed Oct. 31, 2024). *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).

In light of Rose's death, his Section 2254 petition must be dismissed as moot. Art. III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This case or controversy requirement means that a petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. *Id.* If at any

point in the proceedings there is no actual controversy, the case must be dismissed as moot. *Id*. Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By virtue of Rose's death, the Court can no longer provide the requested relief. Consequently, the Court can no longer consider Rose's petition under Section 2254. Accordingly, the claims are rendered moot, and Rose's petition must be dismissed.

  IT IS HEREBY ORDERED:

  This matter is DISMISSED as moot. The Clerk of Court is directed to enter a judgment of dismissal and close the matter.

  DATED this 23rd day of January, 2025.

           */s/ Dana L. Christensen*
           Dana L. Christensen
           United States District Court Judge